## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street S.W., Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  As part of its educational mission, Plaintiff regularly requests records under FOIA to shed light on the

operations of the federal government agencies and to educate the public about these operations.

Plaintiff then analyzes the agency records and disseminates the results to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is

headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.  Defendant has

possession, custody, and control of public records to which Plaintiff seeks access.

<u>**STATEMENT OF FACTS**</u>

5.      On February 16, 2018, Plaintiff submitted a FOIA request to the Federal Bureau

of Investigation ("FBI"), a component of Defendant, seeking access to text messages sent from

January 1, 2015 to December 31, 2015 between FBI Deputy Director Andrew McCabe and Lisa

Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco.

6.      The FBI denied Plaintiff's FOIA request.  Specifically, the FBI stated, "The

information you seek does not identify agency records which fall under the purview of the FOIA.

. . As your general request for electronic type messages does not identify agency records, your

request is not cognizable under the FOIA and, therefore, is closed."

7.      Plaintiff administratively appealed the FBI's determination to Defendant's Office

of Information Policy.  In support of its appeal, Plaintiff stated, "[T]ext messages involving

government-related business sent between government officials, whom all of the persons

identified in the scope of the request are, do in fact constitute government records that fall within

the purview of FOIA."

8.      By letter dated August 3, 2020, OIP informed Plaintiff that OIP was remanding

Plaintiff's request to the FBI for further review.

9.      By letter dated September 14, 2020, the FBI acknowledged receiving the remanded appeal and informed Plaintiff that the FBI "opened [the] remanded appeal and will inform [Judicial Watch] of the results in future correspondence."

10.      As of the date of this Complaint, the FBI has not made a determination about whether it will comply with the remanded appeal, notified Plaintiff of any determination, or notified Plaintiff of its right to appeal any adverse determination to the head of the agency.  Nor has the FBI produced any records responsive to Plaintiff's FOIA request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.      Defendant is in violation of FOIA.

13.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

14.      Plaintiff has no adequate remedy at law.

15.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on the remanded appeal by October 13, 2020.

16.      Because Defendant failed to make a final determination on the remanded appeal within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for records responsive to Plaintiff's FOIA request and demonstrate that it employed

search methods reasonably likely to lead to the discovery of records responsive to the request;
(2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to
Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of
exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records
responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs
reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff
such other relief as the Court deems just and proper.

Dated:  October 19, 2020                              Respectfully submitted,

                                                     /s/ Michael Bekesha
                                                     Michael Bekesha (D.C. Bar No. 995749)
                                                     JUDICIAL WATCH, INC.
                                                     425 Third Street S.W., Suite 800
                                                     Washington, DC 20024
                                                     (202) 646-5172

                                                     *Counsel for Plaintiff*