UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 20-2995 (EGS) |

## ANSWER

Defendant the U.S. Department of Justice ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to Plaintiff's Complaint (ECF No. 1). All allegations not specifically admitted are denied.

### JURISDICTION AND VENUE[1]

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction over Plaintiff's civil action pursuant to the Freedom of Information Act ("FOIA") as limited by the relief available under FOIA.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this District under FOIA.

---

[1] For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

3. Paragraph 3 contains Plaintiff's characterizations of itself and its activities to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. Defendant admits that it is a department of the executive branch of the United States government and that it has a mailing address at 950 Pennsylvania Avenue NW, Washington, D.C. 20530. The second sentence of paragraph 4 states a legal conclusion to which no response is required.

## STATEMENT OF FACTS

5. Defendant admits that the Federal Bureau of Investigation ("FBI") received a FOIA request from Plaintiff dated February 16, 2018, and that the FBI is a component of Defendant. The remaining allegations in paragraph 5 contain Plaintiff's characterizations of its FOIA request, to which no response is required. To the extent that a response is required, Defendant directs the Court to the full correspondence for a complete and accurate statement of its contents.

6. The allegations in paragraph 6 contain Plaintiff's characterizations of correspondence from the FBI to which no response is required. To the extent that a response is required, Defendant admits that the FBI responded to Plaintiff's FOIA request with a letter dated March 27, 2019 and directs the Court to the full correspondence for a complete and accurate statement of its contents.

7. The allegations in paragraph 7 contain Plaintiff's characterizations of correspondence to Defendant's Office of Information Policy ("OIP") to which no response is required. To the extent that a response is required, Defendant admits that the Plaintiff appealed to

the OIP by a letter received by the OIP on May 21, 2019 and directs the Court to the full correspondence for a complete and accurate statement of its contents.

8. The allegations in paragraph 8 contain Plaintiff's characterizations of correspondence from the OIP to which no response is required. To the extent that a response is required, Defendant admits that the OIP responded to Plaintiff's FOIA request with a letter dated August 3, 2020 and directs the Court to the full correspondence for a complete and accurate statement of its contents.

9. The allegations in paragraph 9 contain Plaintiff's characterizations of correspondence from the FBI to which no response is required. To the extent that a response is required, Defendant admits that the FBI acknowledged receipt of Plaintiff's remanded appeal with a letter dated September 14, 2020 and directs the Court to the full correspondence for a complete and accurate statement of its contents

10. Defendant admits only that, to date, the FBI has not provided a final determination of Plaintiff's remanded appeal. Defendant denies the remaining allegations in paragraph 10.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Defendant repeats and incorporates by reference its responses set forth above.

12. Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 12.

13. Paragraph 13 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 13.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 14.

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 15.

16. Paragraph 16 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 16.

The remaining allegations contain Plaintiff's prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

### Second Defense

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

### Third Defense

To the extent that Plaintiff's FOIA request seeks matters that are not "agency records," the Court lacks the authority to compel the agency to produce such matters.

- 5 -

| | |
|---|---|
| November 30, 2020 | Respectfully submitted,<br><br>MICHAEL R. SHERWIN<br>Acting United States Attorney<br><br>DANIEL F. VAN HORN, D.C. Bar #924092<br>Chief, Civil Division |

By:  /s/ *Darrell C. Valdez*
DARRELL C. VALDEZ, D.C. Bar #420232
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2507
Darrell.Valdez@usdoj.gov

Counsel for Defendant