UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20cv2995 (EGS) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant United States Department of Justice ("DOJ") moves for summary judgment. Specifically, this matter involves a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request by Plaintiff Judicial Watch, Inc. ("Judicial Watch") seeking text messages sent from January 1, 2015 to December 31, 2015 between FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco. ECF No. 1. As reflected in the status reports submitted to the Court and the exhibits attached to this Motion, the Defendant completed the processing of responsive material and produced all responsive, non-exempt material to Plaintiff. Accordingly, Defendant asserts that there are no issues of material fact in genuine dispute and that any information not released was properly withheld pursuant to an exemption under FOIA. In support of the Motion, Defendant refers this Court to the accompanying Memorandum of Point and Authorities, Statement of Material Facts as to Which There is no Genuine Dispute, Declarations of Michael G. Seidel, and accompanying exhibits. A proposed Order is also attached.

Dated: June 14, 2021				Respectfully submitted,

							CHANNING D. PHILLIPS
							Acting United States Attorney

							BRIAN HUDAK
							Acting Chief, Civil Division

							By: /s/ *Darrell C. Valdez*
							DARRELL C. VALDEZ, D.C. Bar No. 420232
							Assistant United States Attorney
							555 Fourth Street, N.W., Civil Division
							Washington, D.C.  20530
							Telephone: (202) 252-2507
							Darrell.Valdez@usdoj.gov

							*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20cv2995 (EGS) |
| U.S. DEPT. OF JUSTICE, | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

PROCEDURAL AND FACTUAL BACKGROUND……………………………………….....1

ARGUMENT…………………………...………………………………………………….....1

     I.    LEGAL STANDARDS……………………………………………………………..1

          A. Summary Judgment Standard…………………………………………………...1

          B. The Purpose of the Freedom of Information Act……………………………......3

     II.   THE FBI-ISSUED PHONE NUMBERS OF FBI EMPLOYEES ARE PROTECTED BY FOIA EXEMPTIONS 6 AND 7(C)…........................................4

          1. Legal Standards for Exemption 6 and 7(C)……………………………..4

          2. Defendant Properly Applied Exemptions 6 and 7(C) to the Phone Numbers Withheld………………………………………………8

CONCLUSION……………………………………………………………………………..9

## TABLE OF AUTHORITIES

**Federal Cases**                                                            **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................. 1-2

*Brayton v. Office of the U.S. Trade Rep.*,
   641 F.3d 521 (D.C. Cir. 2011) .................................................................................... 2

*Brown v. FBI*,
   658 F.2d 71 (2d Cir.1981) ........................................................................................... 7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................. 1-2

*Chang v. Dep't of the Navy*,
   314 F. Supp. 2d 35 (D.D.C. 2004) .............................................................................. 5

*Church of Scientology v. U.S. Dep't of Army*,
   611 F.2d 738 (9th Cir. 1980) ...................................................................................... 3

*CIA v. Sims*,
   471 U.S. 159 (1985) ................................................................................................... 3

*Ctr. for Nat'l Sec. Studies v. Dep't of Justice*,
   331 F.3d 918 (D.C. Cir. 2003) .................................................................................... 4

*Davis v. Dep't of Justice*,
   968 F.2d 1276 (D.C. Cir. 1992) .................................................................................. 7

*Dep't of Air Force v. Rose,* [
   425 U.S. 352 (1976) ................................................................................................... 7

*Dep't of Defense v. Fed. Labor Relations Auth.*,
   510 U.S. 487 (1994) ................................................................................................... 5

*EPA v. Mink*,
   410 U.S. 73 (1973) ..................................................................................................... 4

*Fabiano v. McIntyre*,
    146 F. App'x 549 (3rd Cir. 2005) ............................................................................... 6

*Hayden v. Nat'l Sec. Agency Cent. Sec. Serv.*,
    608 F.2d 1381 (D.C. Cir. 1979) ................................................................................. 3

*\*John Doe Agency v. John Doe Corp.*,
    493 U.S. 146 (1989) ................................................................................................ 3-4

*Jones v. FBI*,
    41 F.3d 238 (6th Cir. 1994) ....................................................................................... 2

*Judicial Watch, Inc. v. Dep't of the Navy*,
    25 F. Supp. 3d 131 (D.D.C. 2014) ............................................................................. 2

*Judicial Watch, Inc. v. U.S. Dep't of Commerce*,
    337 F. Supp. 146 (D.D.C. 2004) ................................................................................ 5

*\*Keys v. U.S. Dep't of Justice*,
    830 F.2d 337 (D.C. Cir. 1987) ................................................................................... 6

*Kissinger v. Reporters Comm. for Freedom of the Press*,
    445 U.S. 136 (1980) ................................................................................................... 2

*Miller v. Bell*,
    661 F.2d 623 (7th Cir. 1981) ..................................................................................... 6

*\*Moore v. Obama*,
    No. 09-5072, 2009 WL 2762827 (D.C. Cir. Aug. 24, 2009) ..................................... 6

*\*Nix v. United States*,
    572 F.2d 998 (4th Cir. 1978) ..................................................................................... 6

*NLRB v. Sears, Roebuck & Co.*,
    421 U.S. 132 (1975) ................................................................................................... 4

*Parsons v. FOIA Officer*,
    121 F.3d 709 (6th Cir. 1997) ..................................................................................... 4

...

*Perrone v. FBI*,
   908 F. Supp. 24 (D.D.C. 1995) ............................................................................... 7

*Perry v. Block*,
   684 F.2d 121 (D.C. Cir. 1982) ................................................................................ 3

*Pub. Emps. for Envt'l Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*,
   740 F.3d 195 (D.C. Cir. 2014) ................................................................................ 6

*Ripskis v. Dep't of Housing & Urban Dev.*,
   746 F.2d 1 (D.C. Cir. 1984) .................................................................................... 5

*Rugiero v. U.S. Dep't of Justice*,
   257 F.3d 534 (6th Cir. 2001) .................................................................................. 2

*SafeCard Services, Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) .............................................................................. 8

*Seized Property Recovery, Corp., v. U.S. Customs and Border Protection*,
   502 F. Supp. 2d 50 (D.D.C. 2007) .......................................................................... 5

*Senate of P.R. v. Dep't of Justice*,
   823 F.2d 574 (D.C. Cir. 1987) ................................................................................ 7

*\*U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*,
   489 U.S. 749 (1989) ..................................................................................... 3, 5, 7

*\*U.S. Dep't of State v. Wash. Post Co.*,
   456 U.S. 595 (1982) ............................................................................................... 5

*United Techs v. FAA*,
   102 F.3d 688 (2nd Cir. 1996) ................................................................................. 4

*Weisberg v. U.S. Dep't. of Justice*,
   627 F.2d 365 (D.C. Cir. 1980) ................................................................................ 2

**Federal Statutes**

5 U.S.C. § 552 ............................................................................................. 1-2, 4-5

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At issue in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") lawsuit is a FOIA request served by Plaintiff upon the Defendant seeking text message communications sent from January 1, 2015 to December 31, 2015 between FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco.  ECF No. 1.

The issue before the Court in this summary judgment matter is narrow.  Plaintiff challenges Defendant's redactions of FBI-issued telephone numbers that can be used to identify, harass, and retaliate against non-SES level FBI personnel, should that information be released.to the public.  Plaintiff does not challenge the scope of the search or the processing of any other records or information.

The undisputed material facts demonstrate that the redacted information falls squarely within the FOIA exemptions asserted by the Defendant.  Accordingly, summary judgment should be entered in favor of the Defendant.

## PROCEDURAL AND FACTUAL BACKGROUND

The procedural and factual background are set forth in the attached Statement of Material Facts Not in Genuine Dispute and are incorporated by reference herein.

## ARGUMENT

### I.     LEGAL STANDARDS

#### A.     Summary Judgment Standard

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  It is up to the party moving for summary judgment to

demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue" in dispute. *Id.* Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence. Local Civ. R. 7(h).

Summary judgment is an appropriate method for a court to dispose of a FOIA complaint. *See Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534 (6th Cir. 2001); *see also Jones v. FBI*, 41 F.3d 238,242 (6th Cir. 1994). Indeed, FOIA cases are typically decided on motions for summary judgment. *Judicial Watch, Inc. v. Dep't of the Navy*, 25 F. Supp. 3d 131, 136 (D.D.C. 2014)); *see also Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011) ("[T]he vast majority of FOIA cases can be resolved on summary judgment"). To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. *Weisberg v. U.S. Dep't. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

Under FOIA, federal courts may "enjoin the agency from withholding agency records and [may] order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Requesters may prevail in a FOIA action only if an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits, declarations, or other evidence

showing that it has discharged its obligations under the FOIA.  *Hayden v. Nat'l Sec. Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979); *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1980).

Because the record before this Court demonstrates that Defendant has met its obligation under the FOIA, no genuine issue as to any material fact exists and summary judgment should be granted to Defendant as a matter of law.  *See Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).

### B.     **The Purpose of the Freedom of Information Act.**

FOIA generally provides that any person has a right, enforceable in court, to obtain access to federal agency records, except to the extent that such records are protected from public disclosure by any of the nine exemptions or three special law enforcement record exclusions. While FOIA's statutory objective is to achieve "the fullest responsible disclosure," *see* S. Rep. No; 89-813, at 3 (1965), the Supreme Court has emphasized that only "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773 (1989).  Thus, FOIA's "basic purpose" reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citation omitted).  "Congress recognized, however, that public disclosure is not always in the public interest." *CIA v. Sims*, 471 U.S. 159, 166-67 (1985).  In passing FOIA, "Congress sought to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." *John Doe Agency*, 493 U.S. at 152 (citation and internal quotation marks omitted).  "FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information

confidential." *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003) (citing *John Doe Agency*, 493 U.S. at 152).

The identity of the FOIA requester does not matter. *See e.g., EPA v. Mink*, 410 U.S. 73, 86 (1973) (declaring that FOIA is "largely indifferent to the intensity of a particular requester's need"); *Parsons v. FOIA Officer*, 121 F.3d 709 (6th Cir. Aug. 12, 1997) (holding that plaintiff's argument of "legitimate need for the documents superior to that of the general public or the press" fails because identity of requester is irrelevant to the determination of whether an exemption applies); *United Techs v. FAA*, 102 F.3d 688, 692 (2nd Cir. 1996) ("Congress created a scheme of categorical exclusion; it did not invite a judicial weighing of the benefits and evils of disclosure on a case by case basis"). So long as FOIA "is fundamentally designed to inform the public about agency action and not to benefit private litigants," a requestor's rights under FOIA "are neither increased nor decreased by reason of the fact that it claims an interest in the [matter sought]" greater than that shared by the average member of the public. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 143 n.10 (1975).

## II. THE FBI-ISSUED PHONE NUMBERS OF FBI EMPLOYEES ARE PROTECTED BY FOIA EXEMPTIONS 6 AND 7(C)

### 1. Legal Standards for Exemption 6 and 7(C)

FOIA contains two exemptions that are designed to withhold records where the release of the records would constitute an unwarranted invasion of personal privacy, Exemption 6, 5 U.S.C. § 552(b)(6), and Exemption 7(C), 5 U.S.C. § 552(b)(7)(C). Exemption 6 protects from disclosure information contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Although information in personnel and medical files is easily identifiable, the "similar files" phrase is "intended to cover detailed government records on an individual which can be identified

as applying to that individual." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982) (citations omitted).

Personal privacy has been described as an "individual's interest in avoiding disclosure of personal matters" that encompass "the individual's control of information concerning his or her person." *Reporters Comm.*, 489 U.S. at 762-63 (1989). If a privacy interest exists, the analysis requires a balancing of the individual's right to privacy against the public interest in disclosure. *See Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994); *Ripskis v. Dep't of Housing & Urban Dev.*, 746 F.2d 1, 3 (D.C. Cir. 1984). "Personal matters" subject to protection not only includes the individual's names, but other information that may reveal the individual's identity. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 146, 178 (D.D.C. 2004) (citing *Nat'l Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873 (D.C. Cir. 1989)).

"The 'public interest' inquiry is whether disclosure would 'contribute significantly to public understanding of the operations or activities of government.'" *Chang v. Dep't of the Navy*, 314 F. Supp. 2d 35, 42 (D.D.C. 2004) (quoting *Fed. Labor Relations Auth.*, 510 U.S. at 495). If the privacy interest is found to outweigh the public interest, then the information should be withheld; otherwise, the information should be released. *See, e.g., Chang*, 314 F. Supp. at 44.

Exemption 7(C) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) is the law enforcement counterpart to the privacy protection afforded under Exemption 6. *Seized Property Recovery, Corp., v. U.S. Customs and Border Protection,* 502 F. Supp. 2d 50, 56 (D.D.C. 2007). Under Exemptions 6/7(C), the identities of federal, state, and local law enforcement personnel referenced in responsive documents are properly withheld:

> One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives.

*Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978). *See also Moore v. Obama*, No. 09-5072, 2009 WL 2762827, at *1 (D.C. Cir. Aug. 24, 2009) (per curium) (affirming the withholding the names and phone numbers of FBI employees is proper to protect the employees from harassment or retaliatory action); *Fabiano v. McIntyre*, 146 F. App'x 549 (3rd Cir. 2005) (affirming withholding of names and other identifying information FBI personnel).  Nor is it "necessary that harassment rise to the level of endangering physical safety before the protections of 7(C) can be invoked."  *Miller v. Bell*, 661 F.2d 623, 630 (7th Cir. 1981).

Defendant asserted Exemptions 6 and 7(C), to withhold the FBI-issued telephone numbers of individuals in records compiled for law enforcement purposes and whose disclosure could reasonably be expected to constitute an unwarranted invasion of the personal privacy of the individuals.  *Id.*  When a law enforcement agency, such as the Federal Bureau of Investigation, invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987).[1]  "The term 'law enforcement' in Exemption 7 refers to the act of enforcing the law, both civil and criminal." *Pub. Emps. for Envt'l Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 203 (D.C. Cir. 2014).  A law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least 'a colorable claim' of its rationality.'" *Keys,* 830 F.2d at 340.

---

[1] As noted in the declaration of Michael G. Seidel ("Seidel Decl."), the FBI is a "law enforcement agency" entitled to greater deference in the application of any of the sub-categories within Exemption 7.  Seidel Decl. at ¶ 15.

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. *See, e.g., Reporters Comm.*, 489 U.S. at 776-780 .

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' *Dep't of Air Force v. Rose*, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested." *Reporters Comm.*, 489 U.S. at 772 (internal quotation marks omitted). Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775. That public interest is to "shed[] light on an agency's performance of its statutory duties." *Id.* at 772. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." *Perrone v. FBI*, 908 F. Supp. 24, 26 (D.D.C. 1995) (citing *Senate of P.R. v. Dep't of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987)).

Significantly, it is the "interest of the general public and not that of the private litigant" that matters. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773) (internal quotation marks omitted).

The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197, 1205 (D.C. Cir. 1991). The Circuit Court has held "categorically" that "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *SafeCard,* 926 F.2d at 1206.

### 2. **Defendant Properly Applied Exemptions 6 and 7(C) to the Phone Numbers Withheld**

Defendant applied Exemptions 6 and 7(C) to withhold telephone numbering information that could identify lower-level employees (below SES level) to protect their personal privacy interests, and to protect the employees from harassment and retaliatory activity. Seidel Decl. at ¶¶ 20-22. In addition to the fact that the FBI is a law enforcement agency, *see* supra at n. 1, the text messaging system of the FBI-issued phones is intended and used to conduct law enforcement activities such as communicating with other FBI and federal government personnel about FBI business. Seidel Decl. at ¶ 16. Through the disclosure of an FBI-issued telephone number, an employee will become subject to harassment, or harassing inquiries for unauthorized access to information regarding law enforcement investigations. Seidel Decl. at ¶ 22. Indeed, because of the law enforcement and intelligence nature of the FBI's mission, and the access to classified information that comes with that mission, FBI employees would be put at risk of clearly unwarranted invasions of their privacy if their contact information was released. Seidel Decl. at ¶¶ 23-24. Thus, information that could lead to the discovery of the identities of FBI personnel, or could cause harassing or retaliatory activity against those individuals is protected from disclosure under FOIA by the application of Exemptions 6 and 7(C).

Nor is there any countervailing public interest in the release of their names or other information that could identify the sources' identities, because dissemination of the sources' names or other personal information would not help explain government activities and operations nor would the public's interest in the disclosure of this information outweigh the third-party individuals' privacy rights in the information withheld under this exemption. Seidel Decl. at ¶¶ 24-25. The withholding of identifying information was proper under the FOIA.

## CONCLUSION

Wherefore, for the reasons set forth above and in the accompanying Statement of Material Facts Not in Genuine Dispute, Defendant respectfully request that the Court enter judgment in favor of the Defendant.

Date: June 14, 2021

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney

BRIAN HUDAK
Acting Chief, Civil Division

*/s/ Darrell C. Valdez*
DARRELL C. VALDEZ, D.C. Bar No. 420232
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2507
Darrell.Valdez@usdoj.gov

*Counsel for Defendant*