UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-02995 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section
("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"),
Winchester, Virginia.  I joined the FBI in September 2011, and prior to my current position, I
was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS
Litigation Support Unit from November 2012 to June 2016; and an Assistant General Counsel,
FBI Office of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from
September 2011 to November 2012.  In those capacities, I had management oversight or agency
counsel responsibility for FBI FOIA and Privacy Act ("FOIPA") litigation cases
nationwide.  Prior to my joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement
Administration ("DEA") from September 2006 to September 2011, where among myriad legal
responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA
in FOIPA suits nationwide.  I also served as a U.S. Army Judge Advocate General's Corps
Officer in various assignments from 1994 to September 2006 culminating in my assignment as
Chief, General Litigation Branch, U.S. Army Litigation Division where I oversaw FOIPA

litigation for the U.S. Army.  I am an attorney registered in the State of Ohio and the District of Columbia.

(2)      In my official capacity as Section Chief of RIDS, I supervise approximately 241 FBI employees, supported by approximately 91 contractors, who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)      Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.  Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request seeking copies of text messages sent from January 1, 2015 through December 31, 2015 between former FBI Deputy Director ("DD") Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco.

(4)      On or around March 31, 2021, Plaintiff advised FBI's counsel it was only challenging the application of Exemptions (b)(6) and (b)(7)(C) to the identities of the senders and recipients on the processed pages.  The FBI interprets this to mean the identities of the individuals whose phone numbers are listed under the "To" and "From" columns of the records.

There are no names listed on the processed pages but just phone numbers. For the column labeled "Outbox," former DD McCabe's phone number is the number in the corresponding "From" column, and where the type of message is "Inbox," former DD McCabe's phone number is the number in the corresponding "To" column. (See processed pages attached to Exhibit G.) The FBI withheld former DD McCabe's internal FBI phone number pursuant to FOIA Exemption (b)(7)(E). This exemption is not challenged by the Plaintiff. Since Plaintiff is challenging the identities of the senders/receivers of the text messages, the FBI understands this to mean the identity associated with the other phone number on the page under the "To" and "From" columns that does not belong to former DD McCabe, which was withheld pursuant to Exemptions (b)(6) and (b)(7)(C).[1]  The FBI submits this declaration in support of Defendant's motion for summary judgment, to provide the Court and Plaintiff with a summary of the administrative history of Plaintiff's request and, in accordance with *Vaughn v. Rosen*, 424 F.2d 820 (D.C. Cir. 1973), to provide the Court with the FBI's justification for withholding this narrowed scope of information pursuant to 5 U.S.C. § 552 and FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST

### FBI REQUEST NUMBER 1397415-000

(5)     By letter dated February 16, 2018, Plaintiff submitted a FOIA request to the FBI seeking "any and all text messages sent between FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco" for the time frame of January 1, 2015 through December 31, 2015. Plaintiff indicated it was a representative of the news media and

---

[1] The phone number other than former DD McCabe's is protected in conjunction with Exemption (b)(7)(E)-1, but the FBI will only address Exemptions (b)(6) and (b)(7)(C) on the instances this phone number is listed since Plaintiff is not challenging (b)(7)(E).

requested a waiver of both search and duplication fees, asserting that disclosure of the

information was in the public interest, would shed light on the operations or activities of the

government, and was likely to contribute significantly to the public understanding of those

operations or activities.[2] **(Ex. A.)**

(6)     By letter dated March 1, 2018, the FBI acknowledged receipt of Plaintiff's FOIA

request and notified Plaintiff it had assigned it Request Number 1397415-000.  In this letter, the

FBI advised Plaintiff its request for a public interest fee waiver was under consideration, and for

the purpose of assessing fees, the FBI determined it was a representative of the news media and

would be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

Finally, the FBI informed Plaintiff it could appeal the FBI's response to the ("DOJ"), Office of

Information Policy ("OIP") within ninety (90) days of its letter, contact the FBI's public liaison,

and or seek dispute resolution services by contacting the Office of Government Information

Services ("OGIS").  **(Ex. B.)**

(7)     By letter dated March 27, 2019, the FBI advised Plaintiff the information it

sought did not identify agency records which fall under the purview of the FOIA, and as its

general request for electronic type "text" messages did not identify agency records, its request

was not cognizable under the FOIA, and therefore, was closed.  The FBI also informed Plaintiff

it could appeal the FBI's response to the DOJ OIP within ninety (90) days of its letter, contact

the FBI's public liaison, and or seek dispute resolution services by contacting the OGIS.  **(Ex.**

**C.)**

---

[2] No fees were incurred in the processing of Plaintiff's request; therefore, there was no need for
the FBI to adjudicate Plaintiff's fee waiver.

4

(8)     By undated letter (received by OIP on May 21, 2019), Plaintiff submitted an appeal to OIP challenging the FBI's determination that the records Plaintiff sought did not identify agency records which fell under the purview of the FOIA. **(Ex. D.)**

(9)     By letter dated August 3, 2020, OIP acknowledged receipt of Plaintiff's appeal and assigned it number DOJ-AP-2019-005059. OIP also advised Plaintiff it was remanding Plaintiff's Request No. 1397415-000 to the FBI for further review. Finally, OIP advised Plaintiff if it was dissatisfied with the action on its appeal, Plaintiff could file a lawsuit in federal district court. **(Ex. E.)**

(10)    By letter dated September 14, 2020, the FBI acknowledged it had received Plaintiff's remanded appeal from OIP for processing. The FBI advised Plaintiff it opened the remanded appeal, would inform Plaintiff of the results in future correspondence, and that Plaintiff's request for a fee waiver was under consideration. **(Ex. F.)**

(11)    On October 19, 2020, Plaintiff filed its Complaint in the United States District Court for the District of Columbia. (ECF No. 1.)

(12)    By letter dated March 17, 2021, the FBI made its first and final release of records in response to Plaintiff's FOIA request. The FBI advised it reviewed four pages and released two pages, with certain information exempted pursuant to FOIA Exemptions (b)(6), (b)(7)(C) and (b)(7)(E). The release addressed Bates-numbered pages FBI (20-cv-2995)-1 through FBI (20-cv-2995)-4. The FBI informed Plaintiff it was unnecessary to adjudicate its request for a fee waiver as the material was being provided at no charge. The FBI also advised Plaintiff it could appeal the FBI's response to DOJ OIP within ninety (90) days of its letter, contact the FBI's public liaison, and/or seek dispute resolution services by contacting OGIS, and to direct any

further inquiries about this case to the attorney representing the government in this matter. **(Ex. G, including the processed pages.)**

## THE FBI'S SEARCH FOR RESPONSIVE RECORDS

(13)    Although Plaintiff is not challenging the FBI's search, the FBI advises it searched the text messages of the cellular phone the FBI issued to former DD McCabe. The date range of the search was limited to records created between January 1, 2015 and December 31, 2015, and included any and all text messages sent to or received from the other subjects listed in Plaintiff's request, Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco. The FBI located four (4) pages of potentially responsive records in its search, but later determined that only two of the four pages were agency records and the other two pages were personal in nature, and therefore not agency records. [3]

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

(14)    The FBI processed all documents responsive to Plaintiff's request to achieve maximum disclosure consistent with the access provisions of the FOIA. The FBI did not withhold any reasonably segregable, nonexempt portions from Plaintiff. Further description of the information withheld, beyond what is provided in this declaration, could identify the actual

---

[3] Under the FOIA, a federal agency, "upon any request for records which [] reasonably describes such records…, shall make the records promptly available…" 5 U.S.C. § 552(a)(3)(A). If an item requested is not an agency record, it is not subject to the FOIA. Factors relevant to a determination of record status under the FOIA include, among others, (1) the purpose for which the document was created; (2) the degree of integration of the record into the agency's filing system; and (3) the extent to which the record's author or other employees used the record to conduct agency business. See, e.g., *Consumer Fed'n of Am. v. USDA*, 455 F.3d 283, 288-293 (D.C. Cir. 2006). The factors are interrelated, and the overall emphasis of this analysis is whether the documents are used to conduct the official business of the agency. The FBI evaluated these factors when reviewing the pages of text messages at issue here and determined that only two of the pages contained agency records, i.e. the text messages were used to conduct FBI business.

exempt information protected by the FBI.  The FBI numbered all pages of its production

consecutively as "FBI (20-cv-2995)-1" through "FBI (20-cv-2995)-4."  On the pages released in

part, these numbers are typically located at the bottom of each page.[4]

## EXEMPTION 7 THRESHOLD

(15)    Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes.  Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as

implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM)

and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with

authority and responsibility to investigate all violations of federal law not exclusively assigned to

another agency, to conduct investigations and activities to protect the United States and its

people from terrorism and threats to national security, and further the foreign intelligence

objectives of the United States.  Under this investigative authority, the responsive records herein

were compiled for the following specific law enforcement purposes.

(16)    The pertinent records were compiled and/or created in furtherance of FBI's law

enforcement, national security, and intelligence missions.  To accomplish these

missions, inherent tasks and operational functions are required, to include the development,

implementation, and operation of law enforcement programs or systems used as law enforcement

and/or intelligence gathering methods, tools, techniques, and/or procedures.  Specifically, the law

enforcement system used to maintain the records at issue here is the FBI's Bureau-issued cellular

telephone ("BuPhones") system.  FBI Special Agents ("SAs") and some professional staff are

---

[4] FBI (20-cv-2995)-2 and -3 are the two responsive pages released in part.  FBI (20-cv-2995)-1
and -4 were both determined to be non-responsive to the request as they only contained text
messages of a personal nature and therefore were withheld in full as non-responsive.

issued BuPhones to conduct official FBI business, and sensitive information is transmitted by and through the BuPhones.  Records responsive to Plaintiff's request were compiled as a result of the FBI's fulfillment of its law enforcement duties, part of which includes communicating with other FBI and federal government personnel about FBI business; therefore, these records were compiled for law enforcement purposes.

### FOIA EXEMPTIONS (b)(6) AND (b)(7)(C)
### CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND
### UNWARRANTED INVASION OF PERSONAL PRIVACY

(17)    Exemption (b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  All information that applies to a particular person falls within the scope of Exemption (b)(6).

(18)    Exemption (b)(7)(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

(19)    When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure.  In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name and/or identifying information appears in the documents at issue.  When withholding the information, the individual's privacy interest was balanced against the public's interest in disclosure.  For purposes of these exemptions, a public interest exists only when information about an individual, such as their name, would shed light on the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to

8

uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. In each instance wherein information was withheld pursuant to Exemptions (b)(6) and (b)(7)(C), the FBI determined that the individuals' privacy interests outweighed any public interest in disclosure.

(b)(6)-1 AND (b)(7)(C)-1: BUPHONE NUMBER AND ASSOCIATED IDENTITY OF INDIVIDUAL WHOSE
PHONE NUMBER IS LISTED UNDER THE "TO" AND "FROM" COLUMNS

(20)    Within Exemption category (b)(6)-1 and (b)(7)(C)-1, the FBI protected the BuPhone number and associated identity of the FBI employee who exchanged text messages with former DD McCabe, as listed under the "From" column (when the entry indicated the type of message went to McCabe's inbox) and as listed under the "To" column (when the entry indicates the type of message came from McCabe's outbox).[5]

(21)    For awareness, the FBI's standard practice is to release the names of Senior Executive Service ("SES") employees because their positions are public-facing in nature and therefore, they have a diminished privacy interest in records pertaining to the performance of official duties. The FBI generally draws the line at the non-SES level (GS-15 level employees and below) and protects those names and identifying information pursuant to Exemptions (b)(6) and (b)(7)(C). These individuals have an identified privacy interest as outlined below, and do not have the same level of public interest as the personnel who represent the FBI to the public. Further, there is a lack of public interest in the release of names of the non-SES level, thus their privacy interests outweigh any public interest as defined by the FOIA.

---

[5] The FBI also asserted this code on other FBI personnel, but since Plaintiff limited its challenge to solely the identity of the individual whose phone number is listed under the "To" and "From" columns, this is the only privacy interest that will be addressed here.

(22)     Although there are no names listed on the processed pages, the phone number is considered an identifier as it is associated with the professional staff employee. This professional staff employee has or had access to information regarding official law enforcement investigations, and therefore may become a target of harassing inquiries for unauthorized access to information regarding such investigations if his/her identity was released. Thus, the FBI employee maintains substantial privacy interest in not having his/her identity disclosed. In contrast, there is no public interest to be served by disclosing the identity of the professional staff employee to the general public because his/her identity would not significantly increase the public's understanding of the FBI's operations and activities.

(23)     Accordingly, the FBI protects the names and identifying information of all lower ranking personnel in all FBI records pursuant to Exemptions (b)(6) and (b)(7)(C). First, there is no public interest in the release of this specific information because release of the names and identifying information of lower ranking FBI personnel does not shed light on government operations. Second, there are cognizable privacy interests connected to the release of the names and identifying information regardless of the specific position held, e.g., a Special Agent, Intelligence Analyst, or Professional Staff employee. As a law enforcement and intelligence agency with myriad missions including counterterrorism, counterintelligence, and cybercrime, mere employment with the FBI – and the access to classified information that it provides – puts all FBI employees at risk of clearly unwarranted invasions of privacy.

(24)     Regardless of whether the individual is a current or past employee, all FBI employees possess or possessed Top Secret clearances allowing access to classified material and systems, including Sentinel, the FBI's electronic, "next generation" case management system where sensitive criminal and national security investigative information is stored. Positive

10

identification of present or past FBI employment, is of genuine interest to criminal elements,

terrorists, and foreign intelligence services. As a result, the FBI routinely protects the names and

identifying information of all lower ranking employees as their status as a FBI employee, on its

own, may subject them to harassment by criminals seeking access to FBI information or

retribution, violent acts of terrorists who advocate bodily harm against U.S. law enforcement and

military personnel in furtherance of ideology, or recruitment by foreign agents intent on

espionage. As such, FBI professional staff employees have identifiable privacy interests in

protection from the harms above as well as unnecessary, unofficial questioning as to the conduct

of investigations or the law enforcement activities they support.

(25) Moreover, these identifiable harms are not confined to FBI occupation or whether

they are currently or were previously employed by the FBI, and do not turn on whether or not the

FBI records disclosing the identifying employee information was compiled for a law

enforcement purpose. Adversaries who pose harm to the FBI are not required to draw

distinctions between FBI employees based on occupation or the reason an FBI record was

compiled--the key piece of information is identifying the individual as a member of the FBI. For

instance, a foreign intelligence agent seeking to recruit an FBI employee might pursue an

opportunity to infiltrate the FBI through a professional staffer to obtain access to classified

information. In applying the balance of interests, the identifiable FBI employee privacy interests

articulated above outweigh the lack of any public interest in disclosure as defined by the FOIA,

i.e. demonstrating how government works. Accordingly, the FBI properly withheld the identity

of an FBI professional staff employee pursuant to Exemptions (b)(6) and (b)(7)(C).

## SEGREGABILITY

(26)     As discussed in ¶ 4 *supra*, the FBI identified a total of four (4) pages: two (2)

Released in Part ("RIP") and two (2) determined to be non-responsive to the request because

they contained only personal text messages, which were non-agency records, as described *supra*.

(27)     Following its segregability review, RIDS determined two (2) pages could be RIP

with redactions per the identified FOIA exemptions herein.  These pages comprise a mixture of

material that could be segregated for release and material that was withheld as release would

trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions on

these pages.

## CONCLUSION

(28)     In response to Plaintiff's request for records, the FBI performed an adequate and

reasonable search for responsive records; processed all such records and released all reasonably

segregable non-exempt information from documents responsive to Plaintiff's FOIPA request that

are subject to the FOIA.  The FBI processed the records under the access provisions of the FOIA

to achieve maximum disclosure.  Information was properly withheld pursuant to FOIA

Exemptions (b)(6), and (b)(7)(C).  The FBI carefully examined the documents and determined

the information withheld from Plaintiff in this case, if disclosed, would cause a clearly

unwarranted invasion of the personal privacy or could reasonably be expected to constitute an

unwarranted invasion of personal privacy.  After extensive review of the documents at issue, the

FBI determined that there is no further non-exempt information that can be reasonably

segregated and released without revealing exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through G attached hereto are true and correct copies.

Executed this _14th_ day of June 2021.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JUDICIAL WATCH, INC.,                   )
                                        )
            Plaintiff,                  )
                                        )
                  v.                    )        Civil Action No. 20-02995 (EGS)
                                        )
U.S. DEPARTMENT OF JUSTICE,             )
                                        )
            Defendant.                  )
_____ )

# EXHIBIT A



**Judicial Watch**

*Because no one
is above the law!*

February 16, 2018

**VIA CERTIFIED MAIL**

FBI
Record/Information Dissemination Section
Attn: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843

**Re:  Freedom of Information Act Request**

Dear Freedom of Information Officer:

Judicial Watch, Inc. ("Judicial Watch") hereby requests that the Federal Bureau of Investigation ("FBI") produce the following records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

> **Any and all text messages sent between FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco.**
>
> **The time frame for the requested records is January 1, 2015 and December 31, 2015.**

Please determine whether to comply with this request within the time period required by FOIA and notify us immediately of your determination, the reasons therefor, designee. 5 U.S.C. § 552(a)(6)(i). Please also produce all responsive records in an electronic format ("pdf" is preferred), if convenient. We also are willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

Judicial Watch also hereby requests a waiver of both search and duplication fees. We are entitled to a waiver of search fees because we are a "representative of the news media." *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also Cause of Action v. Federal Trade Comm.*, 799 F.3d 1108 (D.C. Cir. 2015); *Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989). For more than twenty years, Judicial Watch has used FOIA and other investigative tools to gather information about the operations and activities of government, a subject of undisputed public interest. We submit over 400 FOIA requests annually. Our personnel, which includes experienced journalists and professional writers on staff and under contract, use their editorial skills to turn this raw information into distinct works that are disseminated to the public via our monthly newsletter, which has a circulation of over 300,000, weekly email update, which has over 600,000 subscribers, investigative bulletins, special reports, www.judicialwatch.org website, *Corruption Chronicles* blog, and social media, including Facebook and Twitter, among other

FEB 26 2018

Federal Bureau of Investigation/FOIA Request
February 16, 2018
Page 2 of 2

distribution channels. We have authored several books, including *Corruption Chronicles* by Tom Fitton (Threshold Editions, July 24, 2012), and another book, *Clean House* by Tom Fitton (Threshold Editions, Aug. 30, 2016), is forthcoming. In 2012, we produced a documentary film, "District of Corruption," directed by Stephen K. Bannon. Our "news media" status has been confirmed in court rulings. *See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006); *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 133 F. Supp.2d 52 (D.D.C. 2000). As a tax exempt, 501(c)(3) non-profit corporation, we have no commercial interests and do not seek the requested records for any commercial use. Rather, we intend to use the requested records as part of our on-going investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

Judicial Watch also is entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." *Cause of Action*, 799 F.3d at 1115 (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, Judicial Watch intends to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via its newsletter, email updates, investigative bulletins, website, blog, and its other, regular distribution channels. *Cause of Action*, 799 F.3d at 1116 (*quoting Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994)). Again, Judicial Watch does not seek the requested records for any commercial benefit or for its own "primary" benefit, but instead seeks them as part of its ongoing investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

In the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch agrees to pay up to $300.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or bmarshall@judicialwatch.org.

Thank you for your cooperation.

Very respectfully,

William F. Marshall
Judicial Watch, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-02995 (EGS) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

# EXHIBIT B

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 1, 2018

MR. WILLIAM F MARSHALL
JUDICIAL WATCH, INC.
SUITE 800
425 THIRD STREET, SOUTHWEST
WASHINGTON, DC 20024

> FOIPA Request No.: 1397415-000
> Subject: Text messages sent between
> Andrew McCabe and Lisa Page, Jennifer
> Leonard, Peter Strzok, and/or Lisa Monaco
> (January 1, 2015 – December 31, 2015)

Dear Mr. Marshall:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration, and you will be advised of the decision at a later date.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

   ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

   ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

   ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-02995 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 27, 2019

MR. WILLIAM F. MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET SW
WASHINGTON, DC 20024

FOIPA Request No.: 1397415-000
Subject: Text messages sent between
Andrew McCabe and Lisa Page, Jennifer
Leonard, Peter Strzok, and/or Lisa Monaco
(January 1, 2015 – December 31, 2015)

Dear Mr. Marshall:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request regarding "all text messages sent between FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco between the dates of January 1, 2015 and December 31, 2015."

The information you seek does not identify agency records which fall under the purview of the FOIA.  Per the FOIA, agencies provide access to reasonably described, nonexempt, government records [5 U.S.C. § 552(a)(3)(A); 28 C.F.R. § 16.3(b)].  As your general request for electronic type "text" messages does not identify agency records, your request is not cognizable under the FOIA and, therefore, is closed.

It is unnecessary to adjudicate your request for a fee waiver, as no fees are being assessed.

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov.  You may also visit www.fbi.gov and select "Stats and Services," "FOIA/Records Requests," and "Requesting FBI Records" for additional guidance.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet.

Sincerely,

David M. Hardy
Section Chief,
 Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JUDICIAL WATCH, INC.,                     )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        Civil Action No. 20-02995 (EGS)
                                          )
U.S. DEPARTMENT OF JUSTICE,               )
                                          )
                Defendant.                )
_____ )


# EXHIBIT D







**Judicial Watch**®
*Because no one
is above the law!*

**VIA CERTIFIED MAIL**

RECEIVED

MAY 2 1 2019

Office of Information Policy

Director, Office of Information Policy
U.S. Department of Justice, Suite 11050
1425 New York Avenue, NW
Washington, D.C. 20530-0001

**Re: Freedom of Information Act Appeal/FBI FOIA # 1397415**

Dear Sir or Madam:

On February 16, 2018, I submitted a Freedom of Information Act ("FOIA")
request to the Federal Bureau of Investigation ("FBI") in which I sought the following:

*Any and all text messages sent between FBI Deputy Director Andrew McCabe
and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco.*

*The time frame for the requested records is January 1, 2015 and December 31,
2015.*

I received a letter dated March 27, 2019 from the David M. Hardy, Chief of the
Record/Information Dissemination Section of the FBI advising me that the records I seek
do not "identify agency records which fall under the purview of the FOIA."[1]

I respectfully appeal this decision, as text messages involving government-related
business sent between government officials, whom all of the persons identified in the
scope of the request are, do in fact constitute government records that fall with the
purview of FOIA, as federal courts have ruled in numerous FOIA cases.

If you do not understand this appeal or any portion thereof, please contact me at
202-646-5170 or via email at bmarshall@judicialwatch.org

Thank you for your time and consideration.

Respectfully,

William F. Marshall
Judicial Watch, Inc.

Enclosures

_____

[1] A copy of Mr. Hardy's letter is enclosed for your convenience.

U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 27, 2019

MR. WILLIAM F. MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET SW
WASHINGTON, DC 20024

FOIPA Request No.: 1397415-000
Subject: Text messages sent between
Andrew McCabe and Lisa Page, Jennifer
Leonard, Peter Strzok, and/or Lisa Monaco
(January 1, 2015 – December 31, 2015)

Dear Mr. Marshall:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request regarding "all text messages sent between FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco between the dates of January 1, 2015 and December 31, 2015."

The information you seek does not identify agency records which fall under the purview of the FOIA. Per the FOIA, agencies provide access to reasonably described, nonexempt, government records [5 U.S.C. § 552(a)(3)(A); 28 C.F.R. § 16.3(b)]. As your general request for electronic type "text" messages does not identify agency records, your request is not cognizable under the FOIA and, therefore, is closed.

It is unnecessary to adjudicate your request for a fee waiver, as no fees are being assessed.

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov. You may also visit www.fbi.gov and select "Stats and Services," "FOIA/Records Requests," and "Requesting FBI Records" for additional guidance.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JUDICIAL WATCH, INC.,                   )
                                        )
              Plaintiff,                )
                                        )
       v.                               )       Civil Action No. 20-02995 (EGS)
                                        )
U.S. DEPARTMENT OF JUSTICE,             )
                                        )
              Defendant.                )
_____ )

# EXHIBIT E



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

William F. Marshall
Judicial Watch
Suite 800
425 Third Street SW                    Re:     Appeal No. DOJ-AP-2019-005059
Washington, DC  20024                          Request No. 1397415-000
bmarshall@judicialwatch.org                    DRC:PJA

**VIA:  Email**

Dear William Marshall:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to any and all text messages sent between former FBI Deputy Director Andrew McCabe and Lisa Page, Jennifer Leonard, Peter Strzok, and/or Lisa Monaco between January 1, 2015, and December 31, 2015.  I note that your appeal concerns the FBI's full denial of your request.

After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your request to the FBI for further review.  If the FBI conducts a search and determines that records are releasable, it will send them to you directly, subject to any applicable fees.  You may appeal any future adverse determination made by the FBI.  If you would like to inquire about the status of this remanded request or to receive an estimated date of completion, please contact the FBI directly at (540) 868-1535.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

8/3/2020

X _(signature)_

Matthew W. Hurd
Acting Chief, Administrative Appeals Staff
Signed by: MATTHEW HURD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JUDICIAL WATCH, INC.,                               )
                                                    )
            Plaintiff,                              )
                                                    )
            v.                                      )        Civil Action No. 20-02995 (EGS)
                                                    )
U.S. DEPARTMENT OF JUSTICE,                         )
                                                    )
            Defendant.                              )
_____              )

# EXHIBIT F



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 14, 2020

MR. WILLIAM F. MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET SW
WASHINGTON, DC 20024

OIP Appeal Number: 2019-005059
FOIPA Appeal No.: 1397415-000
Subject: Text messages sent between
Andrew McCabe and Lisa Page, Jennifer
Leonard, Peter Strzok, and/or Lisa Monaco
(January 1, 2015 – December 31, 2015)

Dear Mr. Marshall:

This acknowledges your Freedom of Information/Privacy Acts (FOIPA) remanded appeal has been received by the FBI from the Office of Information and Policy for processing. Below you will find check boxes and informational paragraphs about your request. Please read each one carefully.

☑  We have opened your remanded appeal and will inform you of the results in future correspondence.

☐  We have converted your NFP into a FOIPA appeal; therefore, the NFP number originally assigned to your request will now appear as the FOIPA appeal number listed above.

☑  Your request for a fee waiver is being considered and you will be advised of the decision if fees are applicable.

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status**. **Enter the OIP Appeal Number (ex. 201500123) listed above, without hyphens.** Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

The FOIPA Appeal Number listed above has been assigned to your request. Please reference the FOIPA Appeal Number and OIP Appeal Number in all future correspondence concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-02995 (EGS) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

# EXHIBIT G



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 17, 2021

MR. WILLIAM F. MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

*Judicial Watch v. DOJ*
FOIPA Request No.: 1397415-000
Subject: Text Messages Sent Between Andrew
McCabe and Lisa Page, Jennifer Leonard, Peter
Strzok, and/or Lisa Monaco
(January 1, 2015 – December 31, 2015)

Dear Mr. Marshall:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.  The appropriate exemptions are noted on the processed pages next to redacted information.  In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.  An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
|  | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

4 pages were reviewed and 2 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐  Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐  This information has been referred to the OGA(s) for review and direct response to you.

☐  We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) litigation. The documents are Bates numbered FBI (20-cv-2995)-1 – FBI (20-cv-2995)-4.

It is unnecessary to adjudicate your request for a fee waiver as this material is being provided to you at no charge.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

| Date UTC | Internal Phone Number | Type of Message | From (Formatted) | To (Formatted) | Body | Type |
|---|---|---|---|---|---|---|
| | | | | | **OTHER Not Responsive** | |
| 2015-01-26 21:44:00, Mon | | INBOX | | | Hot damn. It's about damn time that we get some good news in a national security case. Nice work WFO. | sms |
| 2015-01-26 21:45:18, Mon | | OUTBOX | | | And only 12 years to get here. I guess juries still think we should be making these cases. That's got to count for something … | sms |
| | | | | | **OTHER Not Responsive** | |
| 2015-01-30 01:19:34, Fri | | INBOX | | | Hey if you get a chance swing by tomorrow. Have something I wanted to mention. I'm in ▢ now, directly below where I used to be. | sms |
| | | | | | **OTHER Not Responsive** | |
| 2015-01-30 14:45:40, Fri | | INBOX | | | Where will you be at 11? I can always meet you there, since I have an 11:30-12. | sms |
| 2015-01-30 15:42:36, Fri | | OUTBOX | | | On my way to the room where I had my going away. Meet me there. | sms |
| 2015-01-30 15:42:39, Fri | | OUTBOX | | | On my way to the room where I had my going away. Meet me there. | sms |
| 2015-01-30 15:42:57, Fri | | INBOX | | | Rgr | sms |
| 2015-02-14 15:06:15, Sat | | OUTBOX | | | ▢ just got the NCTC job. How about ▢ for FBI DGC? | sms |
| 2015-02-14 15:09:33, Sat | | INBOX | | | Bummer. He definitely doesn't want it. Also, it's a lateral at best, with the added addi to on of nsls being a disaster. \r\nMe, ▢ glacalone, the DD and the D did a full court press on ▢ so fingers crossed it works. | sms |
| 2015-02-14 15:10:14, Sat | | OUTBOX | | | Good luck. | sms |
| | | | | | **OTHER Not Responsive** | |
| 2015-04-15 15:39:34, Wed | | OUTBOX | | | Hey. Making my rounds at hq.  You around? | sms |
| 2015-04-15 15:41:15, Wed | | OUTBOX | | | Hey. Making my rounds at hq.  You around? | sms |
| 2015-04-15 15:45:45, Wed | | INBOX | | | I am! Where are you? | sms |
| 2015-04-15 15:46:51, Wed | | OUTBOX | | | Down on first floor by directors portraits. Or I can come by your shop? | sms |
| 2015-04-15 15:48:18, Wed | | INBOX | | | I'll be there in 2 - I'm temporarily in a cubical, so you can come up there if you want, but it's not glamorous! | sms |
| | | | | | **OTHER Not Responsive** | |
| 2015-06-08 19:25:43, Mon | | INBOX | | | Hey give me a call when you get a chance. Jim made some interesting reorganization announcements today, might effect your decision-making. | sms |
| 2015-06-13 09:04:6, Sat | | INBOX | | | Hey there. Things have been a touch busy for you, I know, but ▢ emailed last week about going to lunch next week. Friday is his last day. Just wanted to put it on you radar in case you missed his email. | sms |
| 2015-06-13 14:13:46, Sat | | OUTBOX | | | Thanks for the reminder. I could do Monday, Wednesday (1230ish) or Friday. | sms |
| 2015-06-13 14:16:50, Sat | | OUTBOX | | | Well you pick because ▢ said he was free whenever. Maybe Wednesday since you'll already be at HQ? | sms |
| 2015-06-13 15:46:46, Sat | | INBOX | | | Wednesday sounds good | sms |
| 2015-06-13 19:30:27, Sat | | OUTBOX | | | Okay. I'll write everyone back. | sms |
| 2015-06-15 16:27:11, Mon | | INBOX | | | Hey sorry to bother again. I deleted your earlier text; can you do Thursday or Friday? Wednesday is not going to work. Let me know. Thanks. | sms |
| 2015-06-15 16:29:00, Mon | | OUTBOX | | | Thursday is a mess but Friday is wide open. | sms |
| | | | | | **OTHER Not Responsive** | |
| 2015-07-29 18:28:53, Wed | | OUTBOX | | | Just told WFO I am leaving. Back to HQ. | sms |
| | | | | | **OTHER Not Responsive** | |
| 2015-07-29 18:31:03, Wed | | OUTBOX | | | Auu. I'm the new seven repkins. Stop laughing. | sms |
| | | | | | **OTHER Not Responsive** | |

b6 -1
b7C -1
b7E -1

b6 -1
b7C -1
b7E -1

b6 -1
b7C -1
b7E -1

b6 -1
b7C -1
b7E -1

b6 -1
b7C -1
b7E -1

b6 -1
b7C -1
b7E -1

b6 -1
b7C -1
b7E -1

FBI 20-cv-2995-2

**OTHER Not Responsive**

| | | | | |
|---|---|---|---|---|
| 2015-09-11 17:08:54, Fri | INBOX | | Was visiting HQ the other day, smelled something like gas everywhere I went. Now I have headaches from the vapors and want to file a workman's comp claim. You're the guy I talk to, right? ;) | sms |
| 2015-09-11 22:43:05, Fri | OUTBOX | | Sure. I'll get to it right after I balance the budget, hire 3400 people and build a new HQ. Get in line. \U0001f60a | sms |
| 2015-09-11 22:43:07, Fri | OUTBOX | | Sure. I'll get to it right after I balance the budget, hire 3400 people and build a new HQ. Get in line. \U0001f60a | sms |
| 2015-09-11 23:35:21, Fri | INBOX | | BUT THE VAPORS! \U0001f60a\n\nHope you're well. | sms |

b6 -1
b7C -1
b7E -1

**OTHER Not Responsive**